# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8235 | **DATE** | 10/30/2001 |
| **CASE TITLE** | Geraldine Bolden vs. Allison Mixa et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION: Plaintiff's request to proceed in forma pauperis is denied. This cause is dismissed pursuant to 28 U.S..C Sec. 1915(e)(2)(B) for lack of subject matter jurisdiction. Plaintiff's emergency motion for stay is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | OCT 31 2001 date docketed | | |
| ✓ | Docketing to mail notices. | | | 4 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FOR DOCKETING | | |
| AMM | courtroom deputy's initials | 01 OCT 30 PM 4: 21 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALDINE BOLDEN,            )
                             )
        Plaintiff,           )
                             )
    v.                       )    No. 01 C 8235
                             )
ALLISON MIXA, AMLI OF FOX VALLEY, )    **DOCKETED**
and ACQUIPORT/AURORA CROSSING,    )
                             )    OCT 3 1 2001
        Defendants.          )

### MEMORANDUM OPINION

Before the court is plaintiff Geraldine Bolden's request to proceed in forma pauperis. We deny leave to file because we lack subject matter jurisdiction over this dispute.

Bolden, a resident of Aurora, Illinois, filed this lawsuit against her landlord, Acquiport/Aurora Crossing, L.P.; its management company, AMLI at Fox Valley ("AMLI"); and Allison Mixa, an agent of AMLI. The action arises out of the eviction proceedings currently pending against Bolden in state court.

The complaint invokes the court's federal question jurisdiction; plaintiff alleges that we have subject matter jurisdiction because defendants have violated her civil rights. However, such claims require allegations that plaintiff was deprived of her rights by a party acting under the color of state law. See, e.g., 42 U.S.C. § 1983. It does not appear that the

private defendants here were acting under the color of state law when entering into the lease with plaintiff and subsequently commencing eviction proceedings, as described in the complaint. Therefore, federal question jurisdiction is lacking. Diversity jurisdiction is also lacking here because apparently plaintiff and defendants are all Illinois citizens, and plaintiff's allegations do not establish that she meets the $75,000 amount-in-controversy jurisdictional requirement for a federal action based on diversity of citizenship. See 28 U.S.C. § 1332(a).

Because we have no subject matter jurisdiction, this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff may have a state law claim, but she does not appear to have a federal law claim. Accordingly, we deny plaintiff leave to proceed *in forma pauperis*, and both the Complaint and this action are dismissed. Bolden's "emergency motion for a stay" is therefore denied as moot.

Date: October 30, 2001

ENTER: _____
John F. Grady, United States District Judge